**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cr-336-RCJ-GWF |
| | ) | |
| DENISE LOKELANI LEE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Three motions by Petitioner Denise Lokelani Lee are currently pending before the Court. The first is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#183), in which Petitioner claims ineffective assistance of counsel. The second is Petitioner's Application to Proceed *In Forma Pauperis* (#176). The third is a Motion for Appointment of Counsel (#184). For the reasons given herein, all three motions are denied.

**BACKGROUND**

Petitioner was arrested on August 15, 2005 while attempting to obtain methamphetamine for an undercover agent of the Drug Enforcement Agency. (Compl. (#14) at 1). A superseding indictment was filed on February 7, 2007, charging Petitioner with: (1) conspiring from July 21, 2005 through August 15, 2005 to distribute 197.2 grams of actual methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii); (2) distributing 54.4 grams of actual methamphetamine on July 27, 2005, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2; and (3) possessing approximately 142.8 grams of actual methamphetamine with intent to distribute on August 15, 2005, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). (Superseding Indictment (#100) at 1-3).

On June 11, 2007, Petitioner pled guilty to all three counts of the superseding indictment without a plea agreement. (Change of Plea (#118)). Based on the quantity of actual methamphetamine Petitioner possessed and Petitioner's eleven criminal history points, the presentence investigation report ("PSR") calculated a total offense level of 34 and criminal history category of V, resulting in a sentence range between 235 and 293 months of imprisonment under the Sentencing Guidelines. (PSR at 25). A sentence of 274 months was recommended for each count, to be served concurrently. (*Id.*).

Petitioner's trial counsel, Assistant Federal Public Defender Monique Kirtley, submitted a sentencing memorandum on November 6, 2007. (Sentencing Mem. (#124)). Petitioner argued for a below-Guidelines sentence of 120 months of imprisonment, contending: (1) that she was only accountable for 197.2 grams of the methamphetamine, not the 246.4 grams involved in all the drug sales participated in by Petitioner;[1] (2) that she should not receive a two-level enhancement because she was not an "organizer or leader" within the meaning of U.S.S.G. § 3B1.1(c); (3) that no sentence greater than 120 months was warranted under a theory of "sentencing entrapment"; (4) that she presented a "low risk of recidivism" because of her age and status as a female; and (5) that her criminal history category (which she claimed was a category III) supported her argument that she presented a low risk of recidivism. (*Id.* at 1-6). Petitioner's "low risk of recidivism" argument was supported by statistical data. (*See* Exhibit (#124-1)).

In an attempt to lessen Petitioner's sentence, Kirtley filed two letters of support and seven certificates of merit from various prison and religious organizations. (*See* Letters of Support (#126-1); Certificates of Merit (#126-2)). Kirtley also submitted a "sentencing video" to support her requested sentence. (Sentencing Video (#127)). Despite Kirtley's efforts, the Court imposed three 235-month sentences, to run concurrently, at the sentencing hearing on November 13, 2007. (Judgment (#130)).

---

[1] Ultimately this argument was irrelevant as any quantity between 150 and 500 grams of methamphetamine results in the same base offense level. *See* U.S.S.G. § 2D1.1(c)(3).

Petitioner's sentence was vacated by the Ninth Circuit on January 9, 2009 and resentencing was ordered. (*See* Mem. Opinion (#141)). The Ninth Circuit noted that Petitioner should have been assigned a criminal history category of IV rather than V, resulting in an adjusted Guideline range of 210-262 months, rather than the 235-293 months the Court had considered previously. (*Id.* at 4). Upon remand, this Court resentenced Petitioner to 210 months' imprisonment, the low-end of the Guideline range. (Am. Judgment (#156)).

On June 30, 2010, Petitioner, appearing *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, claiming ineffective assistance of counsel. (Mot. to Vacate (#183)). The government responded, and Petitioner replied. (Opp'n to Mot. to Vacate (#191); Reply (#192)).

## LEGAL STANDARD

The Sixth Amendment provides that criminal defendants "shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-prong analysis for ineffective assistance of counsel claims. The claimant must show both that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defendant. *Id.* at 687. Counsel's performance is deficient when the representation falls "below an objective standard of reasonableness." *Id.* at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The claimant must also satisfy "the highly demanding and heavy burden of establishing actual prejudice." *Allen v. Woodford*, 395 F.3d 979, 1000 (9th Cir. 2005) (citations omitted). To demonstrate actual prejudice, the claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Rhoades v. Henry*, 611 F.3d 1133, 1141 (9th Cir. 2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694*.*

## DISCUSSION

In her motion to vacate, Petitioner raises six ineffective assistance of counsel claims. In her first claim, Petitioner argues she was denied effective assistance of counsel because trial counsel failed to pursue her sentencing entrapment defense. (Mot. to Vacate (#183) at 21). Specifically, Petitioner argues that trial counsel failed to obtain the telephone records of the confidential informant, which would have shown the informant made numerous unsuccessful attempts to obtain drugs from Petitioner. (*Id.*). However, Kirtley did in fact pursue Petitioner's sentencing entrapment defense, arguing that the government dictated the number of sales and the quantity of methamphetamine sold to manipulate Petitioner's sentence. (Sentencing Mem. (#124) at 2-3). Although Ms. Kirtley did not obtain the informant's telephone records to support this claim, the reasoned tactical choice to not present certain evidence when it seemed reasonably unlikely to provide an avenue of mitigation does not constitute deficient performance. See *Gonzalez v. Knowles*, 515 F.3d 1006, 1015 (9th Cir. 2008) (finding that the failure to call witnesses was not unreasonable when the attorney determined the argument for mitigation was unlikely to be successful). Kirtley here pursued Petitioner's sentencing entrapment defense with evidence that the government dictated the sales and quantities, rather than by presenting the number of occasions the informant had contacted petitioner unsuccessfully. Such a tactical choice was not unreasonable.

In the second claim for relief, Petitioner argues trial counsel was ineffective because she failed to inform Petitioner of a plea agreement proposed on January 29, 2007, under which the government would recommend a sentence of 168 months. (Mot. to Vacate (#191) at 22). Petitioner asserts that she was not informed of this plea agreement until February 14, 2007, eight days after it had already expired. (*Id.*). Yet Kirtley stated by affidavit that she fully discussed with Petitioner the plea agreement offered by the government. (Kirtley Aff. (#191-1)). Kirtley also stated that she explained to Petitioner the pros and cons of the plea offer and that Petitioner ultimately decided not to accept the offer. (*Id.*). In Petitioner's reply, she acknowledges that Kirtley had informed her of the January 29, 2007 plea agreement, but asserts that it was another plea agreement offered months later of which she was not

4

informed. (Reply (#192)). Petitioner however was very clear in her motion to vacate that she was referring to the plea agreement of January 29, 2007, specifically identifying this agreement and even providing a copy of it. (*See* Mot. to Vacate (#183) at 26). She also presents no evidence of any additional plea agreement, and fails to explain how she even discovered its existence if her attorney failed to inform her of it. Because Petitioner was clear as to which plea agreement she was referencing, and because Kirtley has refuted Petitioner's claims, Petitioner's second claim for relief lacks merit.

Yet even if an additional plea agreement was offered and not disclosed to Petitioner, Petitioner has not alleged she has been prejudiced by trial counsel's failure to disclose the agreement. Petitioner alleges in her reply that the government offered the same January 29th plea agreement again months later and that her trial counsel never informed her of the offer. (*Id.* at 1). Yet Petitioner never alleges she would have accepted the agreement had she been aware of it. Indeed, the fact she had previously rejected a plea agreement with the same terms suggests a high likelihood that she would have again rejected the plea agreement, even if the government had renewed its offer. As Petitioner has failed to allege she was prejudiced by the supposed second offer of the plea agreement, Petitioner has not satisfied the prejudice prong of the *Strickland* analysis.

In the third claim for relief, Petitioner argues her legal counsel failed to present mitigating factors to the Court. (Mot. to Vacate (#183) at 22). Specifically, the Petitioner argues counsel failed to argue for a sentence below that reflected in the Sentencing Guidelines, and that counsel failed to argue that Petitioner was not a leader, but merely a participant. (*Id.*). Petitioner argues that because these factors were not presented, her sentence was enhanced two levels under U.S.S.G. § 3B1.1. (*Id.*). Yet all of these factors were presented by Petitioner's trial counsel. (Sentencing Memo. (#124) at 2-4). Although these factors may not have been presented in her resentencing memorandum, the Court had already rejected the assertion that Petitioner was not a leader at the original sentencing. Counsel therefore may have reasonably believed that making such an argument again at resentencing would have been unavailing. *See Cuffle v. Goldsmith,* 906 F.2d 385, 388 (9th

5

Cir. 1990) (holding that counsel is not required to argue a claim that is refuted by the record).

Additionally, the Court is well aware that the Sentencing Guidelines are merely advisory and that the Court has the ability to impose a lesser sentence than that recommended by the Guidelines. The fact counsel did not argue for a below-Guidelines sentence does not mean the Court could not have granted such a sentence. As a result, Petitioner has suffered no actual prejudice from counsel's actions.

In the fourth claim for relief, Petitioner asserts that trial counsel was ineffective because she failed to argue that her within-Guideline sentence was "greater than necessary" to serve the objectives of sentencing. This claim is frivolous. Kirtley specifically argued that "[a] sentence which is greater than the statutory minimum of 120 months would be greater than necessary." (Sentencing Memo. (#124) at 3). As the Guideline range was much higher than 120 months, she was effectively arguing that a within-Guideline sentence was "greater than necessary" to serve justice.

In the fifth claim for relief, Petitioner contends that Kirtley lied to Petitioner by claiming that if Petitioner plead guilty, she would be able to get the Petitioner a 120 month sentence. (Mot. to Vacate (#183) at 23). Petitioner later alleges she was relying on this assertion when she chose to plead guilty. (Reply (#192) at 2). Kirtley has however stated by affidavit that she "would have never promised [Petitioner] that she would receive a sentence of 120 months." (Kirtley Aff. (#191-1)). She further avers that "[i]t is not my practice to guarantee to a client . . . what the ultimate sentence will be or what I will be able to get for the client. I always explain that the ultimate sentence a defendant receives rests with the Court." (*Id.*). As Kirtley has refuted that this guarantee was made, Petitioner's claim lacks merit.

In the sixth and final claim for relief, Petitioner contends that her appellant counsel—Jason Carr—was ineffective because he failed to raise her ineffective assistance of counsel claim against Kirtley on appeal, even though Petitioner asked him to do so. (Mot. to Vacate (#183) at 23). Petitioner alleges that this was because Carr had a conflict of interest, as he and Kirtley both work in the same office (both are assistant federal public defenders). (*Id.*). This argument however fails. Claims for ineffective assistance of counsel

6

are generally not taken by the Ninth Circuit on direct appeal, but are reserved for habeas corpus proceedings brought under 28 U.S.C. § 2255, where the facts outside the record, but necessary to the disposition of the claim, may be fully developed. *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005); *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003), *cert denied*, 545 U.S. 883 (2005); *United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir. 1991). Petitioner also cannot argue that she was prejudiced by Carr's failure to bring her ineffective assistance of counsel claim, as she is currently proceeding with that claim before this Court.

Because there is an insufficient basis to pursue Petitioner's motion to vacate, her Application to Proceed *In Forma Pauperis* (#176) and Motion for Appointment of Counsel (#184) will be denied as moot.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Petitioner's Motion to Vacate (#183) is denied.

IT IS FURTHER ORDERED that Petitioner's Application to Proceed *In Forma Pauperis* (#176) and her Motion for Appointment of Counsel (#184) are denied as moot.

DATED: This 27th day of October, 2011.

_____
United States District Judge